IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN BELL, | : | CIVIL ACTION NO. **3:CV-05-1134** |
| Plaintiff | : | |
| v. | : | Magistrate Judge Blewitt |
| MERICLE DEVELOPMENT CORP., et a l., | : | |
| Defendants | : | |

**MEMORANDUM**

The Plaintiff, John Bell, originally filed this employment discrimination action on June 4, 2005, against Defendant Mericle Development Corp., pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.,* Count I, and the Family Medical Leave Act ("FMLA") 29 U.S.C. § 2601, *et seq.* (requires employers to allow an employee to take unpaid leave to care for his serious health condition and prohibits retaliation by employer for doing so), Count II. (Doc. 1).  Defendant filed its Answer to the original Complaint on June 28, 2005.  (Doc. 4). Subsequently, Plaintiff filed an Amended Complaint on November 21, 2005 (Doc. 12), in which he retained his two stated original claims and asserted two new counts under the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. C.S.A. §§ 95, *et seq.*, one as against the original Defendant, and one against a new Defendant, Tina Rothery, a supervisor of Defendant Mericle.  (Counts III & III (sic) of Amended Complaint, Doc. 12).[1]

---

[1] Plaintiff erroneously labels his two separate PHRA claims in his Amended Complaint, Doc. 12, as "Count III," instead of Count III and Count IV.

Presently ripe for disposition is the Motion to Dismiss the Plaintiff's Amended Complaint filed on behalf of Defendant Mericle Development Corp. ("Defendant Mericle") on December 14, 2005. **(Doc. 15).**[2] Defendant argues that Plaintiff did not exhaust his administrative remedies with the PHRC before he filed this action, and thus his new PHRA claims must be dismissed.[3]

## I. Motion to Dismiss Standard.

When evaluating a motion to dismiss, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957);  *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir. 1988). A complaint that sets out facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Estelle v. Gamble*, 429 U.S. 97, 107-108 (1976).

---

[2]*See* Docs. 16, 17  & 19.
We note that while Defendant Tina Rothery has been served with the Amended Complaint, she has not yet responded to it. (Doc. 18). Nor has counsel entered an appearance on behalf of Rothery. We also note that the present Motion to Dismiss is filed only by original Defendant Mericle, but it seeks to dismiss both new PHRA claims of the amended pleading, including the PHRA claim against Rothery.

[3]The parties have consented to proceed before the undersigned for all matters pursuant to 28 U.S.C. § 636(c). (Docs. 6, 7 & 8).

**II. Allegations of the Complaint.**

The Plaintiff alleges that he began working for Defendant Mericle in October 2002 as a construction worker, that he is 30 years old, and that he has a seizure disability. Plaintiff avers that he suffered a seizure on June 3, 2004 and passed out while he was working for Defendant at a job site. Plaintiff was taken to the hospital by ambulance. Due to this condition, Plaintiff took the next day off of work. Plaintiff returned to work the following Monday, June 7, 2004, and informed his supervisor that he required time off to treat his medical condition. Defendants contacted him on this day to discuss his medical restrictions. Thereafter, Plaintiff had to leave work on June 10 and 11 for medical appointments and tests, and Defendants were aware of these appointments. On June 14, 2004, Plaintiff called off work due to a recurring headache since his June 3 seizure, and was then terminated. (Doc. 12, ¶'s 11.-22.).

Plaintiff also alleges that Defendants knew he had a disability, that he was significantly limited in major life functions due to his disability, and that he requested reasonable accommodation for time off for medical treatment, but Defendants refused to allow it. (*Id.*, ¶'s 23.-25.). Thus, Plaintiff alleges that on June 14, 2004, he was terminated from his position due to his disability.

The Plaintiff represents that he has filed a claim of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"). (*Id.*, ¶ 4. a.). The EEOC issued a Notice of Right to Sue on May 31, 2005.

(*Id.*, ¶ 4. b. & Doc. 17, Ex. A).[4]

### III. Discussion.

Defendant Mericle moves to dismiss the Plaintiff's Amended Complaint on one ground. The single ground raised is that Plaintiff has failed to exhaust his administrative remedies with the PHRC prior to bringing this action in federal court, and thus his two new PHRA claims raised in his amended pleading should be dismissed.

*A. Exhaustion of administrative remedies with respect to PHRA claims.*

We now turn to the argument that the Plaintiff has failed to exhaust his administrative remedies with the PHRC with respect to his PHRA claims. The Defendant argues that the Plaintiff has failed to exhaust his administrative remedies with respect to his state PHRA causes of action since he filed his federal action with this Court prior to the exhaustion of his PHRC administrative

---

[4] Even though we are presented with a motion to dismiss, as Plaintiff recognizes (Doc. 17, p. 3), we shall consider Plaintiff's exhibit attached to his Brief (Doc. 17), *i.e.* EEOC Notice of Right to Sue since his pleading references it, and it is part of the administrative file of this case. We also note that Defendant Mericle does not dispute that Plaintiff's right to sue letter was dated May 31, 2005. (Doc. 15, p. 2, ¶ 5.). In deciding a motion to dismiss, the court may consider documents referenced in Plaintiff's complaint and upon which the claims stated therein are based. *See Pension Benefit Guar. v. White Consol. Indus., Inc.*, 998 F. 2d 1192, 1196 (3d Cir. 1993). In our case, Plaintiff has attached a document, Plaintiff's EEOC Notice of Right to Sue, which is a matter of public record and was part of the administrative record, and this document can be considered by the Court without converting Defendant's dismissal motion into one for summary judgment. (*Id.*).

remedies.[5]

In its Motion, Defendant contends that, based on Plaintiff's request that the EEOC investigation be closed and that a right to sue letter be issued by the EEOC, the PHRC administratively closed its investigation of Plaintiff's discrimination complaints on July 6, 2005. Defendant states that the date the PHRC closed its investigation was less than a year after the discrimination charge was filed (*i.e.* July 27, 2004 EEOC/PHRC Charge is within a year of July 6, 2005 EEOC/PHRC investigation closure), and it was after Plaintiff filed the instant action on June 4, 2005. Defendant concludes that the filing of an action with PHRA claims by Plaintiff based on the allegations in his PHRC charge of discrimination before he exhausted his PHRC administrative remedies mandates the dismissal of the PHRA claims in his amended pleading. (Doc. 15, p. 2).

Plaintiff concedes that Defendant correctly states that he was required to wait a year prior to commencing his action in federal court with respect to his PHRA claims. (Doc. 17, p. 4). Plaintiff states that he "filed his claim with the PHRC and EEOC on 7/27/04 and then filed a claim [with federal court] pursuing his PHRA claims on 11/21/05 [date of Amended Complaint, Doc. 12] (*See* Doc. No. 12)." (*Id.*). Plaintiff states that he did not file a claim under the PHRA until "11/21/05."

---

[5]As indicated, it is agreed by the parties that Plaintiff's right to sue letter from the EEOC was dated May 31, 2005. The Plaintiff admits in his amended pleading that he has obtained a right to sue letter. Doc. 12, ¶ 4. b.

"The causes of action created by Title VII do not arise simply by virtue of the events of discrimination which that title prohibits. A complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII: prior submission of the claim to the EEOC [] for conciliation or resolution." *Hornsby v. United States Postal Service*, 787 F.2d 87, 90 (3d Cir. 1986). In addition, a Plaintiff must receive a right-to-sue letter from the Commission. *See Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1210 (3d Cir.1984).

(*Id.*, pp. 3-4). Plaintiff is referring to the filing of his Amended Complaint with this Court on November 21, 2005, Doc. 12. As mentioned, in his original Complaint filed June 4, 2005, Plaintiff did not raise any PHRA claims. Rather, when Plaintiff filed his Amended Complaint on November 21, 2005, he asserted his two new PHRA claims. Plaintiff argues that since he filed his PHRC discrimination charge on July 27, 2004, and did not file his PHRA claims with this Court until November 21, 2005, he waited the requisite one year before he pursued his PHRA claims. (*Id.*, pp. 4-6). Thus, Plaintiff concludes that he can maintain his PHRA claims since he exhausted his PHRC administrative remedies. (*Id.*, p. 4). In Footnote 1 to his Brief, Doc. 17, p. 3, n. 1, Plaintiff requests that if the Court finds he has not stated a PHRA claim, that he be permitted to amend his Complaint a second time to add the phrase "add (sic) PHRA" to ¶ 4. d. of his Amended Complaint, Doc. 12. Thus, Plaintiff proposes a second amended pleading to state that he exhausted his administrative remedies under the ADA and PHRA.

As this Court in *Ruberg v. Outdoor World Corp.*, 2005 WL 3159070 * 3 (M.D. Pa.), recently stated:

> The Court of Appeals for the Third Circuit has developed a test to determine whether a plaintiff's employment discrimination claims have been properly exhausted at the administrative level. The court must determine whether "the claims at issue fall fairly within the scope of the prior EEOC complaint or the investigation arising therefrom." *Antol v. Perry*, 82 F.3d 1291, 1295 (1996). This test is applied to PHRA claims. *See Ackah v. Hershey Foods Corp.*, 236 F.Supp. 440, 444 (M.D. Pa. 2002).

This Court in *Ruberg* then considered its defendants' argument that plaintiff's PHRA claims should be dismissed due to failure of plaintiff to exhaust his administrative remedies under the

PHRA.  The Court stated:

> The PHRA does not require the issuance of a right-to-sue letter before a complainant may bring an action in court. Under the PHRA, "if within one year after the filing of a complaint with the Commission, the Commission dismisses the complaint or has not entered in a conciliation agreement to which the complainant is a party, the Commission must so notify the complainant.  On receipt of such a notice, the complainant shall be able to bring an action in the courts   . . . " 43 Pa.Const. Stat. § 962(c)(1).

*Id.* * 5.

Initially, we agree with Defendant that Plaintiff's present claims fall within the scope of his prior EEOC/PHRC charge.  We do not find that Plaintiff disputes this.

Rather, Plaintiff argues that he filed his PHRC claim on July 27, 2004, and that he did not tell the PHRC that he was filing his PHRA claims in this Court.  Plaintiff states that he only requested a right to sue letter from the EEOC and not from the PHRC.  (Doc. 17, p. 6).  Then Plaintiff states that he waited the required one year after his July 27, 2004 PHRC administrative claim, before he filed his PHRA claims with this Court on November 21, 2005.

Defendant, in its Reply Brief, argues that Plaintiff concedes that he requested a right to sue letter from the EEOC, it was issued on May 31, 2005, and then on June 4, 2005, he filed this action in this Court. (Doc. 19, p. 2).  Defendant states that Plaintiff filed his federal action with this Court based on the same facts and claims upon which his PHRC charge was based and, therefore he caused the PHRC to terminate its investigation of his PHRC charge of discrimination before the required one year had lapsed.  (*Id.*).

7

Again, Plaintiff states that he only requested a right to sue letter from the EEOC and not from the PHRC, and that he did not tell the PHRC at any time that he was filing his PHRA claims in federal court.  Plaintiff then states that he waited the one-year period, since he did not file his PHRA claims with this Court until November 21, 2005, which was over one afer his July 27, 2004 PHRC administrative claim.  (Doc. 17, p. 6).

Defendant contends that Plaintiff's request for his right to sue letter from the EEOC, which undoubtedly occurred before the date the notice was issued by the EEOC on May 31, 2005, was tantamount to a request that the PHRC also terminate its investigation, and that Plaintiff then filed this federal court action on June 4, 2005, which was within the one-year period, *i.e.* from the July 27, 2004 PHRC charge.  Defendant argues that Plaintiff's federal action is based on the same facts and claims upon which his PHRC charge was based, and that Plaintiff's request for the EEOC right to sue letter caused the PHRC to terminate its investigation.  Plaintiff essentially states that Defendant has no evidence that his request to the EEOC caused the PHRC to end its investigation. (Doc. 17, p. 6).

Plaintiff has not produced any document from the PHRC indicating that his administrative charge has been closed.  Rather, Plaintiff simply asserts that since he filed his PHRC charge on July 27, 2004, and since he did not raise his PHRA claims in his federal action filed with this Court until November 21, 2005, his PHRA claims were timely because the PHRC had jurisdiction over his administrative claim for the requisite one-year period.  Defendant contends that the PHRC administratively closed its investigation of Plaintiff's administrative claim on July 6, 2005, and that this was less than one year after Plaintiff filed his PHRC charge (*i.e.* July 27, 2004 PHRC charge) and

was after Plaintiff filed the instant suit, *i.e.* June 4, 2005.  (Doc. 16, p. 3).

No document has been submitted indicating that the PHRC administratively closed its investigation on Plaintiff's PHRC charge on July 6, 2005.

Notwithstanding the lack of documentation in this case as to exactly when the PHRC closed Plaintiff's administrative case, we find that, based on the pleadings and the parties' admissions, Plaintiff filed a PHRC charge on July 27, 2004; that at some time the PHRC investigation had ended and that the PHRC no longer had jurisdiction over Plaintiff's charge, and that on November 21, 2005 Plaintiff filed his PHRA claims with this Court in his federal action.  Since we find that Plaintiff's case was  dismissed by the PHRC, we find that he was entitled to assert his PHRA claims in his Amended Complaint, regardless of whether his PHRC charge was dismissed by the PHRC before or after he filed his instant Complaint in this Court.  As the Court in *Johnson v. Chase Home Finance*, 309 F. Supp. 2d 667, 670 (E.D. Pa. 2004), stated:

> Because plaintiff's case has been dismissed by the PHRC, she is now entitled to bring suit in federal court notwithstanding the fact that the case was dismissed by the PHRC after she filed the instant complaint.  The issue of exhaustion on the grounds that the PHRC retains exclusive jurisdiction over cases filed under the PHRA for a period of one-year is moot due to the PHRC's dismissal of plaintiff's complaint.  *Id*.

Therefore, we find that the exhaustion issue is moot, and we will deny Defendant's Motion to Dismiss the Amended Complaint.  (Doc. 15).

Since we find the Plaintiff's case has been dismissed by the PHRC, it will be ordered that Defendant's Motion to Dismiss seeking dismissal of the Amended Complaint with respect to its PHRA claims (Counts III and IV) for failure to exhaust administrative remedies be denied.

An appropriate order follows.

                                         **s/ Thomas M. Blewitt**
                                         **THOMAS M. BLEWITT**
                                         **United States Magistrate Judge**

**Dated: January 31, 2006**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN BELL, | : | CIVIL ACTION NO. **3:CV-05-1134** |
| Plaintiff | : | |
| v. | : | Magistrate Judge Blewitt |
| MERICLE DEVELOPMENT CORP., et al., | : | |
| Defendants | : | |

### ORDER

Based on the foregoing, **IT IS HEREBY ORDERED THAT:**

1. The Defendant's Motion to Dismiss on the ground that the Plaintiff failed to exhaust administrative remedies with respect to his PHRA claims **(Doc. 15)** is **DENIED.**

2. **IT IS FURTHER ORDERED THAT** Defendant Mericle and Defendant Tina Rothery shall file their responses to the Amended Complaint within **ten (10) days** of the date of this Order.[6]

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: January 31, 2006**

---

[6] We shall allow Plaintiff to add the phrase "and PHRA" to ¶ 4. d. of his Amended Complaint, Doc. 12, without the necessity of filing a second amended complaint.